**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| XETA TECHNOLOGIES, INC., an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 08-CV-197-GKF-PJC |
| EXECUTIVE HOSPITALITY, INC., | ) ) | |
| Defendant. | ) | |

**OPINION and ORDER**

This matter comes before the Court on the Motion to Dismiss for Lack of: (1) Personal Jurisdiction; (2) Venue; or (3) in the Alternative to Transfer on the Grounds of Convenience [Dkt. # 8] filed by defendant Executive Hospitality, Inc. ("EHI"), and the "Plaintiff's Motion to Strike Defendant's Reply Brief, or, in the Alternative, Request for Leave to File Surreply" [Dkt. # 16] filed by plaintiff XETA Technologies ("XETA"). For the reasons set forth herein, the Court concludes that the Motion to Strike should be granted, and the Motion to Dismiss must be granted without prejudice.

**Motion to Strike**

"Plaintiff's Motion to Strike Defendant's Reply Brief, or, in the Alternative, Request for Leave to File Surreply" [Dkt. 16] is granted, and the Reply is stricken as untimely filed (LCvR 7.2(h)). In ruling on the Motion to Dismiss, the Court did not consider defendant's reply brief.

**Introduction**

XETA alleges that, on February 20, 2007, it entered into a written contract with EHI, (the "Agreement"). EHI agreed, in consideration of XETA's payment of $125,000, to furnish XETA with tournament badges, lodging in executive homes, and certain other enumerated associated

1

items in relation to the 2008 Masters Golf Tournament in Augusta, Georgia, April 8-14, 2008. XETA alleges it paid to EHI the $125,000. XETA further alleges EHI breached the contract by failing and refusing to furnish the required items.

## The Forum Selection Clause

Section 10 (E) of the Agreement reads as follows:

> The parties agree that in the event of any action between the parties arising from this Agreement such action must take place in the State of California, County of San Diego, and both parties agree to make the State of California, County of San Diego, the Jurisdiction of the Agreement.

[*See* Agreement Appended to Complaint, at Dkt. # 2, page 3]. XETA brought its Complaint for breach of contract in this Oklahoma court despite the language of Section 10 (E).

## Discussion

XETA's breach of contract claim is an "action between the parties arising from [the] Agreement." [*See* Agreement, Section 10 (E), at Dkt. # 2, page 3]. Forum selection clauses are presumed valid, and are enforceable unless the party opposing the clause can clearly show that enforcement would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).[1] The Court concludes that the forum clause is not unreasonable or unjust, as it was freely entered into, was plain to see on a one-page contract, and does not violate public policy. A party opposing a contractual forum selection clause must show "that trial in the contractual forum would be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." *Hendricks v. Bank of America, N.A.*, 408 F.3d 1127 (9th Cir. 2005) (quoting *Bremen*, 407 U.S. at 18 and *Manetti-Farrow*, 858 F.2d at 515). In *Hendricks*, the Ninth Circuit explained that a forum

---

[1] "Although *Bremen* is an admiralty case, its standard has been widely applied to forum selection clauses in general." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).

selection clause is prima facie valid and enforceable unless its opponent can show that enforcement would be unreasonable under the circumstances. *Hendricks*, 408 F.3d at 1137. XETA has not made this showing.

XETA argues that Section 10 (E) is ambiguous and should be construed against EHI because the forum selection clause does not specifically use the word "venue." However, even "where only jurisdiction is specified," the clause will still be enforced if "there is some further language indicating the parties' intent to make venue exclusive." *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002). It is clear from the language that if an action must be brought in San Diego County, California, such action may not be brought anywhere else. This manifests the parties' intent to make venue exclusive. The provision is unambiguous.

XETA asserts that the section is permissive, not mandatory. [Dkt. # 13, page 11]. The Court disagrees. The language provides, "such action *must* take place in." "Must" is language of mandate. XETA argues in its Response that *K & V Scientific* supports its position. Again, XETA is mistaken. According to the Tenth Circuit in *K & V Scientific*,

> [W]here venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

*K & V Scientific*, 314 F.3d at 499 (quoting *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). *See TH Agriculture & Nutrition, L.L.C. v. Ace European Group Limited*, 416 F.Supp. 2d 1054, 1074 (D.Kan. 2006). This Court concludes that the language of the forum selection clause indicates the parties' intent to make venue exclusive, and this conclusion does not conflict with the holding in *K & V Scientific*.

XETA cites *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76 (9th Cir. 1987), in support of its argument that the forum selection clause is permissive rather than mandatory. In that case, the Ninth Circuit held the following clause to be permissive:

> The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter of the interpretation of the contract.

It is apparent that the language held to be permissive in *Hunt Wesson Foods* is distinguishable from the language used in the Agreement here. To state that a court "shall have jurisdiction" is admittedly not exclusive of courts of other jurisdictions. The clause merely indicates the parties' agreement that a certain court has jurisdiction. This is precisely what the Ninth Circuit held in *Hunt Wesson Foods*.

In this case, however, the language states that "such actions *must* take place in the State of California, County of San Diego." [Agreement, Section 10 (E), at Dkt. # 2, at page 3 (emphasis added)]. This language necessarily excludes other jurisdictions and venues, for any such action must take place only in the State of California, and further, only in San Diego County. This is consistent with the Tenth Circuit's opinion in *K & V Scientific*, in that the "must" operates as an exclusive term. *See K & V Scientific*, 314 F.3d at 500. Indeed, in distinguishing *Hunt Wesson Foods* in a later opinion, the Ninth Circuit explained that "in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction." *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (citing *Hunt Wesson Foods*, 817 F.2d at 77).[2] This court finds that the forum selection clause in this Agreement satisfies the requirement of "exclusive jurisdiction,"

---

[2] In *Air Ion Devices, Inc., v. Air Ion Inc.*, 2002 WL 1482665 (N.D.Cal.), the forum selection clause read, "any action commenced by AJD to enforce its rights against AI shall be brought in the County of Marin, State of California." *Air Ion*, 2002 WL 1482665, at *2.

4

at least to the extent that no reading of the Agreement allows a court in the State of Oklahoma to adjudicate claims brought thereunder.

The Court expresses no opinion as to whether the language of the Agreement mandates venue in state as opposed to federal court in San Diego, California. That is a matter left to those courts.[3] Accordingly, this Court declines XETA's invitation to transfer this case to the United States District Court for the Southern District of California rather than dismissing the case without prejudice.

In light of the decision to enforce the forum selection clause, it is unnecessary to rule on EHI's other grounds for dismissal or transfer.

EHI's request for attorney fees under the terms of the Agreement is denied. The language of Section 10 (H) permits an award of "costs of collection."[4] There is no allegation that EHI has incurred any "costs of collection," and as such, no attorney fees are appropriate under Section 10 (H).

---

[3] In *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997), the Tenth Circuit stated that "[b]ecause the language of the clause refers only to a specific county and not to a specific judicial district . . . venue is intended to lie only in state district court." *Excell,* 106 F.3d at 321. The Court noted that "[f]or federal court purposes, venue is not stated in terms of 'counties.' Rather, it is stated in terms of 'judicial districts.'" *Id.*

[4] Section 10 (H) of the Agreement provides as follows:

> Client agrees to pay all costs of collection when incurred, including, without limitation, attorney's fees and expenses and court costs.

[Agreement, at Dkt. # 2, page 3].

## CONCLUSION

Accordingly, plaintiff's Motion to Strike Defendant's Reply Brief [Dkt. # 16] is granted; defendant's Motion to Dismiss [Dkt. # 8] is granted, and the case is dismissed without prejudice. The Motion to Transfer Case to Other District [Dkt. # 11] is moot. Defendant's request for attorney fees is denied.

IT IS SO ORDERED this 21st day of November, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma